UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
                      :

UNITED STATES OF AMERICA        :

        - v. -           :

                      :

MIRZA BAIG,             :    16 Cr.
AMIR MIR,
FIAZ KHAN,
    a/k/a "Poul,"

           Defendants.    :

------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 10 24

**INDICTMENT**

**16 CRIM 334**

## COUNT ONE
### (Access Device Fraud)

The Grand Jury charges:

1.    From at least in or about December 2010 through in or about March 2016, in the Southern District of New York and elsewhere, MIRZA BAIG, AMIR MIR, and FIAZ KHAN, a/k/a "Poul," the defendants, and others known and unknown, knowingly and with intent to defraud did traffic in and use one and more unauthorized access devices during any one year period, and by such conduct did obtain something of value aggregating $1,000 and more during that period, to wit, BAIG, MIR, and KHAN used credit cards obtained by fraudulent means to unlawfully obtain over $500,000.

(Title 18, United States Code, Sections 1029(a)(2) and 2.)

JUDGE MARRERO

## COUNT TWO
### (Conspiracy to Commit Access Device Fraud)

The Grand Jury further charges:

2.   From at least in or about January 2010 through in or about March 2016, in the Southern District of New York and elsewhere, MIRZA BAIG, AMIR MIR, and FIAZ KHAN, a/k/a "Poul," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2).

3.   It was a part and an object of the conspiracy that MIRZA BAIG, AMIR MIR, and FIAZ KHAN, a/k/a "Poul," the defendants, and others known and unknown, knowingly and with intent to defraud did traffic in and use one and more unauthorized access devices during any one year period, and by such conduct did obtain something of value aggregating $1,000 and more during that period, to wit, BAIG, MIR, and KHAN used credit cards obtained by fraudulent means to unlawfully obtain over $500,000.

### Overt Acts

4.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others,

2

were committed in the Southern District of New York and elsewhere:

a.    On or about December 17, 2014, MIRZA BAIG, the defendant, applied for a Chase credit card using fraudulent means.

b.    On or about March 5, 2015, AMIR MIR, the defendant, deposited two checks that had been mailed to an address in New York, New York drawn on a bank account opened using fraudulent means, as a payment on a Chase credit card obtained using fraudulent means.

c.    On or about January 20, 2016, FIAZ KHAN, a/k/a "Poul," the defendant, fraudulently charged approximately $3,455 to a credit card.

(Title 18, United States Code, Sections 1029(b)(2).)

## Count Three
### (Aggravated Identity Theft)

The Grand Jury further charges:

5.    From at least in or about January 2010 through in or about March 2016, in the Southern District of New York and elsewhere, MIRZA BAIG, the defendant, knowingly did transfer,

3

possess, and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, BAIG possessed and used fraudulently-obtained credit cards issued with the social security numbers of others to unlawfully obtain funds in excess of $1,000, in connection with the offense charged in Count One of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1) and 2.)

## FORFEITURE ALLEGATION

6.   As the result of committing the offenses alleged in Counts One and Two of this Indictment, MIRZA BAIG, AMIR MIR, and FIAZ KHAN, a/k/a "Poul," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B), any and all property constituting, or derived from, proceeds obtained directly or indirectly as the result of the offenses described in Counts One and Two of the Indictment; and pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense alleged in Counts One and Two of the Indictment.

4

## Substitute Asset Provision

7.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 982;
> Title 18, United States Code, Section 1029;
> Title 21, United States Code, Section 853;
> Title 28, United States Code, Section 2461(c).)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

5

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

**MIRZA BAIG,**
**AMIR MIR,**
**FIAZ KHAN, a/k/a "Poul,"**

**Defendants.**

### INDICTMENT

16 Cr.

(18 U.S.C. §§ 1029(a)(2) and 2;
18 U.S.C. § 1029(b)(2); 18 U.S.C. §§
1028A(a)(1) and 2.)

PREET BHARARA
United States Attorney.

_____ Foreperson.

- TRVE BILL, INDICTMENT    5/10/16
- MAG. RONALD L. ELLIS
- Wheeled out to: J. MARRERO.